THE STATE OF MISSOURI, Appellant, *v.* ROYAL STEWART, Respondent.

1. *Insurance, foreign — Agent — Proceedings against — Information — Court of Criminal Correction.*—One acting as agent and receiving premiums in St. Louis county, on behalf of a foreign insurance company which was not authorized by the superintendent of the insurance department to do business in this State, contrary to section 42 of the act concerning insurance other than life (Wagn. Stat. 777), may be proceeded against under section 30, p. 516, Wagner's Statutes. Notwithstanding that the statute which creates the offense provides for a different remedy (Wagn. Stat. 777, § 43), there is no inconsistency between the two statutes. But the proceeding in such case must be by information in the Court of Criminal Correction, and not by indictment.

As to all the rest of the State besides St. Louis county, the misdemeanor act of March 27, 1868 (Sess. Acts 1868, p. 81), repealed by implication section 30, *supra,* and was not restored by the repealing act of February 24, 1869 (Sess. Acts 1869, p. 69). (See State v. Huffschmidt, *ante,* p. 73.)

*Appeal from St. Louis Court of Criminal Correction.*

*G. M. Smith* and *C. H. Chapin,* for respondent.

I. The court below properly dismissed the case, because : 1. It was not brought in conformity with the statute, which requires that the proceeding shall be in the name of the State, by the attorney-general or the circuit attorney of the proper circuit. (1 Wagn. Stat. 777, § 43.) 2. Because the court had no jurisdiction over the subject-matter of the proceeding. The only remedy given for the acts which the information undertakes to charge is specified in the forty-third section of the act of 1869 for the regulation of insurance companies, etc., and on this section the prosecution relies and bases this proceeding. (1 Wagn. Stat. 777,

The State of Missouri v. Stewart.

§ 43.) The statute expressly requires that the penalty shall be "sued for in the name of the State by the attorney-general or the circuit attorney" of the proper county. (1 Wagn. Stat. 777, § 43.) This is not an offense at common law; it is not made a misdemeanor by the statute; and being a penal statute, the remedy must be strictly pursued. (Journey v. State, 1 Mo. 304; Commonwealth v. Howe, 15 Pick. 231; 1 Whart. Crim. Law, 371, § 373; 1 Russell on Crimes, 50–1; 1 Com. Dig. 444; Dane's Abr., ch. 148, pp. 244, 246; Commonwealth v. Evans, 13 Serg. & R. 496.)

II. The remedy provided by the act is a *qui tam* action, which is a civil action. (State v. Mathews, 44 Mo. 523; Dane's Abr., ch. 148, 243; Acheson v. Everitt, Cowper, 382; Wilson v. Bastall, 4 Tenn. 756; Rex v. Robinson, 2 Burr. 805; Rex v. Wright, 1 Burr. 545; 3 Blackst. Com. 159.) The remedy being a civil action, the Court of Criminal Correction had no jurisdiction over the subject-matter of this proceeding.

BLISS, Judge, delivered the opinion of the court.

The defendant was prosecuted by information in the St. Louis Court of Criminal Correction, for acting as an insurance agent and receiving a premium for insurance from fire on behalf of a foreign insurance company, the said company not having been authorized by the superintendent of the insurance department to do business within the State. The defendant moved to dismiss the proceedings, upon the ground that he could only be proceeded against according to the provisions of section 43 of the act concerning insurance other than life (Wagn. Stat. 777), which subjects those who violate the act to a penalty of $500 (or to imprisonment if it is not paid), to be sued for and recovered in the name of the State by the attorney-general or circuit attorney, one-half of the penalty to go to the informer. The proceedings were dismissed, and the State appeals.

It is not pretended that this proceeding conforms to the section referred to, but the attorney for the State relies upon section 30, chapter 207, Gen. Stat. 1865 (Wagn. Stat. 516), which provides that "wherever a fine, penalty or forfeiture is or may be

inflicted by any statute of this State for any offense, the same may be recovered by indictment," etc., "notwithstanding another or different remedy for the recovery of same may be specified in the law imposing the fine, penalty, or forfeiture." This section, with the act authorizing informations for misdemeanors in St. Louis county, fully justifies, as he claims, the proceeding which he instituted.

The remedy provided by said section 43 of the insurance act is a civil action in the nature of the old action of debt *qui tam* upon a penal statute. A prosecution is expressly authorized to recover a specific penalty, and there can be no doubt that in a proceeding under this section its provisions must be followed. The officer is named who should conduct it, and the present information does not even purport to comply with its directions.

But the law may authorize a double remedy, and the statute (§ 30 above quoted) is clear and unambiguous. If the insurance act provides for a "penalty," and the violation of its provisions be an "offense," there can be no doubt whatever that this double remedy is provided. Defendant's counsel urge that where the statute creating the offense provides a remedy, there no indictment will lie. However correct may be the position in general, it must yield to the statute, which expressly provides for a remedy by indictment as well. Nor is there any inconsistency, as claimed, in the two provisions. The insurance act gives half to the informer, and the last clause of the section authorizing an indictment provides "that in all cases the fine, penalty or forfeiture shall go to the State, county, corporation, person or persons, to whom the law imposing the same declares it shall accrue." So it does not matter how the penalty is recovered, it goes half to the State and half to the informer. Under the local laws applicable to St. Louis county, instead of an indictment, the prosecution of offenses of this kind must be by information ; hence the present proceeding is regular. It should, however, be noted that as to all the rest of the State, the misdemeanor act of March 27, 1868, repealed by implication said section 30, chapter 207, Gen. Stat. 1865, and it was not restored by the repealing act of February 24, 1869. (See State v. Huffschmidt, *ante*, p. 73.)

If an indictment were presented, it should be in the name of the attorney-general or proper circuit attorney; for the words authorizing an indictment do nothing more; so that the legal effect and purport of the two provisions is to authorize the penalty to be recovered in the name of the State by the attorney-general or circuit attorney, either by civil action or by indictment. Section 19, however, of the act of March 5, 1869, concerning the Court of Criminal Correction (Sess. Acts 1869, p. 197), provides that "no indictment shall hereafter be found for any misdemeanor under the laws of this State, committed in the county of St. Louis, the punishment whereof is by fine or imprisonment in the county jail, or both, or by any forfeiture; but the same shall be presented to the Court of Criminal Correction by information. An information in any such case may be lodged by the prosecuting attorney for said court, or by said assistant prosecuting attorney, or by any other person." Thus we see that in that court indictments are forbidden and informations are required, which may be lodged by persons other than the attorney-general or circuit attorney.

The order dismissing the information is reversed and the cause remanded. The other judges concur.